# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **LINDA RENEE STEHLE AND** | § | |
| **KEVIN LOUDON** | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **V.** | § | |
| | § | |
| **JIM WELLS COUNTY SHERIFF'S** | § | |
| **DEPARTMENT** | § | |
| **Defendant** | § | |

**INDEX OF ALL MATTERS BEING FILED FROM CAUSE NO. 7538, IN THE COUNTY
COURT AT LAW, JIM WELLS COUNTY, TEXAS**

1. Civil Docket Sheet;

2. Plaintiff's Original Petition;

3. Defendant's Plea to the Jurisdiction and Original Answer Subject Thereto;

4. Plaintiff's First Amended Petition

# CIVIL DOCKET

CASE NO. _____ 7538

**NUMBER OF CASE**

7538

**NAMES OF PARTIES**

Linda Renee Stehle and
Kevin Loudon

vs.

Jim Wells County Sheriff's Department

**ATTORNEYS**

Kevin Loudon

Pltf.

Deft.

**FEE BOOK**
Vol. _____ Page _____

**DATE OF ORDERS**
Month ___ Day ___ Year ___ Stenographer ____ Cost ____

ORDERS OF COURT

**Kind of Action**
and Plaintiff's Demand for Sum

Damages

**MINUTE BOOK**
Vol. ____ Page ____

Juris. Fee. ____

Paid By ____

Juris. No. ____

PRACTICE

**DATE OF FILING**
Mo. | Day | Year
6 | 11 | 10

133 Linda Renee Stehle and   $ 287.00 pd  Kevin Lauden 6/11/10

Kevin Lauden

No. 7538   **CIVIL**   Action for Damages

Jim Wells County Sheriff

Department

Judgment Rendered _____ day of _____ A.

against _____ for $ _____ Rate of interest _ per ce

entered minute book _____ page _____ suit filed _____ day of _____ A.

| DATE | | | ITEMS AND FEES | Clerk's Fees | | Sheriff's Fees | | Out County Sheriff's Fees | | Name and Perso |
|---|---|---|---|---|---|---|---|---|---|---|
| Month | Day | Year | | Plaintiff | Defendant | Plaintiff | Defendant | Plaintiff | Defendant | |
| 6 | 11 | 10 | Plaintiffs Original Petition | 600 | | | | | | |
| 06 | 28 | 10 | Defendants Plea to the Jurisdiction and Original Answer Subject | | | | | | | |
| 07 | 02 | 10 | Plaintiffs First Amended Petition Citation | | | | | | | |

Sheriff                    700

Judicial Support           260

Judicial Fund              600

mp                         500

Security                   500

Appeal                     500

HB1534                     500

AF                         500

Judge                      500

Law Library                3500

Mediation Fee              1000

361 6646366        JIM WELLS COUNTY A...                    05 04 ...    06-15-2010    4/10
13616680569        JIM WELLS SHERIFFS OFFI                  03:33:51 p.m.    06-11-2010    3/9

FILED
AT 1:20 O'CLOCK P M

JUN 1 1 2010

CAUSE NO. _____ 7538

| | | |
|---|---|---|
| **LINDA RENEE STEHLE AND KEVIN** | § | **IN THE COUNTY COURT AT LAW** |
| **LOUDON, PETITIONERS** | § | |
| | § | |
| **V.** | § | |
| | § | **AT LAW NO. _____** |
| | § | |
| **JIM WELLS COUNTY SHERIFF'S** | § | |
| **DEPARTMENT, DEFENDANTS** | § | **JIM WELLS COUNTY, TEXAS** |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now Petitioners, LINDA RENEE STEHLE and KEVIN C. LOUDON, and files this their Plaintiff's Original Petition and in support thereof would respectfully show the following:

### I.    PARTIES

Plaintiff, KEVIN LOUDON, is an individual who resides at 5353 Lampasas, Houston, Texas 77056, the last four of his social security number is xxx-xx-3419 and the last four of his Texas Driver's License is xxx2292.

Plaintiff, LINDA RENEE STEHLE is an individual who resides at 164 County Road 474, Alice, Texas 78332, and the last four numbers of her security number is xxx-xx-3119, and the last four digits of her Texas Driver's License are xxxx5057.

Defendant, JIM WELLS COUN TY SHERIFF'S DEPARTMENT, is a governmental entity that may be served with process of suit at _300 N Cameron on Oscar Lopez_. Alice Texas, 78332.

### II.    DISCOVERY LEVEL

Discovery is to be conducted under level 2 under the Texas Ruyles of Civilm Procedure.

361 6646366          JIM WELLS COUNTY A                              05 05 p     m     06-15-2010        5/10

13616680569          JIM WELLS SHERIFFS OFFI                          03:34:00 p.m.    06—11—2010        4/9

### III. FACTS

On Friday Plaintiff, KEVIN C. LOUDON, attended some interviews in Corpus Christi, Texas and ran some errands in Alice Texas incident to getting ready to attend Beth (LINDA RFENE STEHL'S DAUGHTER'S) graduation ceremonies. Plaintiff, KEVIN C. LOUDON, arrived at 164 County Road 473, Alice Texas 78332 at approximately 4:00 p.m. I met, at that time, LINDA RENEE STEHLE. Plaintiff, KEVIN C. LOUDON, never saw Plaintiff, LINDA RENEE STEHLE, consume any alcohol, Plaintiff, KEVIN C LOUDON, smelled no alcohol on Plaintiff, LINBDA RENEE STEHLE'S, breath, her speech was clear and coherent, she did not have blood shot eyes, and she was not unsure on her feet.

Plaintiff, KEVIN C LOUDON, stayed with LINDA RENEE STEHLE as he was invited to accompany her to her daughter's high school graduation ceremonies which were set to begin at 8:00 p.m. At approximately 6:30 Plaintiff, LINDA RENEE STEHLE, began to prepare for attending her daughter's above said graduation ceremonies. At this time (again) Plaintiff, KEVIN C. LOUDON, never saw Plaintiff, LINDA RENEE STEHLE, consume any alcohol, smelled no alcohol on her breath, her speech was clear and coherent, she did not have blood shot eyes, and she was not unsure on her feet.

At approximately 7:45 Plaintiffs left to go and attend those same said ceremonies. Again and even at this time Plaintiff, KEVIN C. LOUDON, had not seen/saw Plaintiff, LINDA RENEE STEHLE, consume any alcohol, Plaintiff, KEVIN C. LOUDON, smelled no alcohol on her breath, her speech was clear and coherent, she did not have blood shot eyes, and she was not unsure on her feet.

Once Plaintiffs arrived at the ceremonies they parked and entered the football stadium stands. While Plaintiffs were trying to locate a seat Plaintiff, LINDA RENEE STEHLE, hugged several people introduced Plaintiff, KEVIN C LOUDON, to several people (many of whom were teachers of Plaintiff, LINDA RENEE STEHLE'S daughters and/or actively involved in her daughters extracurricular affairs. At no time during any of these introductions did anyone ask if Plaintiff, LINDA RENEE STEHLE, whether she had been consuming alcohol as there was no reason to ask such a question because LINDA RENEE STEHLE still had no alcohol on her breath, her speech was clear and coherent, she did not have blood shot eyes, and she was not unsure on her feet even though she was required to lean down to hug many of the people she greeted at these ceremonies.

361 6646366          JIM WELLS COUNTY AU            05 05 2      06-15-2010        6/10
13616680569          JIM WELLS SHERIFFS OFFI        03:34:13 p.m.  06-11-2010       5/9

After the end of the last graduate walking across the stage, the students, Parents, friends, and others began to congregate on the football field for pictures, conversations, and good-byes.  Plaintiffs also went down to the field for these same reasons.  Shortly after Plaintiffs arrived on the field Plaintiff, KEVIN C. LOUDON, lit a cigar and Plaintiff, LINDA RENEE STEHLE lit a cigarette.

At this time Plaintiffs were in the immediate presence of both of Plaintiff, LINDA RENEE STEHLE's, daughters, their boyfriends and their parents, and many of LINDA RENEE STEHLE's friends in the community.

Almost immediately after this Officers BRANDON TORRES and JOHHNY PEREZ from the JIM WELLS COUNTY SHERRIFF'S DEPARTMENT approached Plaintiffs and asked that we extinguish our cigar/cigarette.  Plaintiff, KEVIN C. LOUDON, stated all right and began moving to a spot where he could do what was requested and Plaintiff, LINDA RENEE STEHLE followed Plaintiff, KEVIN C. LOUDON, to do the same.  At no time at this point did Plaintiff, LINDA RENEE STEHLE, speak to either Officer BRANDON TORRES or JOHHNY PEREZ.

After Plaintiffs put out their cigars/cigarettes they turned back to socialize with Plaintiff, LINDA RENEE STEHLE's, daughters, their boyfriends and their parents, and many of LINDA RENEE STEHLE's friends in the community.   Before Plaintiffs could reach that point, but while they were within earshot of Plaintiff, LINDA RENEE STEHLE's, daughters, their boyfriends and their parents, and many of LINDA RENEE STEHLE's friends in the community, Officer BRANDON TORRES informed Plaintiff, LINDA RENEE STEHLE, that she had been drinking and had to leave the football field, her daughters, their boyfriends and their parents, and many of LINDA RENEE STEHLE's friends in the community.  At this point many of those same said people informed Officer BRANDON TORRES that Plaintiff, LINDA RENEE STEHLE, had not been drinking/was not intoxicated, but, rather, that was simply her mannerisms.  In response, however, Officer BRANDON TORRES and JOHHNY PEREZ now informed LINDA RENEE STEHLE that she was publicly intoxicated and would have to leave the field immediately.

Plaintiff, KEVIN C. LOUDON, then, informed both BRANDON TORRES and JOHHNY PEREZ that he was an attorney, and that under the laws of Texas Plaintiff, LINDA RENEE STEHLE, was not guilty of public intoxication because under the statutes/criminal code she would have to be a danger to herself or others in order for her to be guilty of public intoxication.  Plaintiff, KEVIN C. LOUDON, also asked for them to give one example/action where Plaintiff, LINDA RENEE STEHLE, had acted in such a way that it was likely that she would hurt herself or others and Officer Torres stated just leave the field.  Plaintiff, LINDA RENEE STEHLE, began saying, then, if you think I have been drinking arrest me so I can go to jail and rake a breathalyzer test, but

361 6646366          JIM WELLS COUNTY AU               05 05:4    1.    06-15-2010          7 /10
13616680569          JIM WELLS SHERIFFS OFFI          03:34:27 p.m.    06-11-2010          6 /9

Officers BRANDON TORRES and JOHNNY PEREZ refused to arrest her. Moreover, Officer JOHHNY PEREZ continued to speak to Plaintiff, LINDA RENEE STEHLE, in a very abusive, derogatory, falsely accusatory manner and with a very short/snippy and terse mode of speech.

Officer BRANDON TORRES, also then asked Plaintiff, KEVIN C. LOUDON, in front of potential clients and/or jurors how much alcohol he had to drink that night. Plaintiff, KEVIN C. LOUDON, replied I had not had a drop of alcohol for over 6 years, and that he was prepared to perform any field sobriety test right then and there, and Officers BRANDON TORRES and JOHNNY PEREZ refused to have Plaintiff, KEVIN C. LOUDON, perform any such tests, rather they again stated Plaintiffs needed to leave because they had been drinking and they were publicly intoxicated and saying this in directly front of Plaintiff, LINDA RENEE STEHLE, her daughters, their boyfriends and their parents, many of LINDA RENEE STEHLE's friends in the community and potential clients and/or jury members I might be involved with/in front of in the future to the extent that LINDA RENEE STEHLE was highly embarrassed and angry and I was concerned about my future to practice law.

Again, all of this took place directly in front of Plaintiff, LINDA RENEE STEHLE, her daughters, their boyfriends and their parents, and many of LINDA RENEE STEHLE's friends in the community, and it was extremely embarrassing to her for this to have happened. And, in fact, one of the daughters of Plaintiff, LINDA RENEE STEHLE, was so embarrassed that she would not speak to LINDA RENEE STEHLE.

Before Plaintiffs left Plaintiff, KEVIN C. LOUDON, approached Officer BRANDON TORRES and in a slow and calm manner placed his left hand on his right shoulder so he could talk with him and try to de-escalate the situation so Plaintiff, LINDA RENEE STEHLE, would not be required to leave her daughter's after graduation celebrations. Officer BRANDON TORRES then slapped, in a very aggressive and physically hurtful manner, Plaintiff, KEVIN C. LOUDON's, hand from his shoulder and instructed him to never "F"ing touch him again. This was not the first time that evening that one or both of these officers used profanity directly in front of, and directed at, Plaintiffs.

At the Jim Wells County Sheriff's Office/Jail Plaintiff, KEVIN C. LOUDON, informed the night officer all of the above, and asked to be given a breathalyzer test, and Plaintiffs were informed they could not be given such a test (with the equipment in the jail) unless Plaintiffs had been arrested for an offense where it would be necessary to have such a test performed. Plaintiff, KEVIN C. LOUDON, also stated that Plaintiffs wished to speak with someone to make a formal complaint. The night jailer then called and asked for Officer SAENZ to come across the street to speak to us. Officer SAENZ, and the officer working the jail that evening, both ultimately refused to give Plaintiffs a breath test (and/or any field sobriety tests despite our numerous requests to be given

361 6646366         JIM WELLS COUNTY AU                    05 06 0   1    06-15-2010      8/10
13616680569        JIM WELLS SHERIFFS OFFI                03:34:41 p.m.   06-11-2010      7/9

such tests. Officer SAENZ, in the end, informed Plaintiffs that there was not one officer working for the Jim Wells County Sherriff's Office at that time of the night (approximately 11:00 p.m.-12:00 a.m.) who was in possession of a portable breathalyzer test (P.B.T) and/or that there was not one Texas Department of Public Safety Officer at that time of the night who had a portable breathalyzer test (P.B.T). Plaintiff, KEVIN C. LOUDON, was also informed that neither that officer, nor Officer SAENZ would complete an incident report stating why we had come to the Jim Wells County Sherriff's office, and/or that Plaintiffs had also asked to have a breathalyzer test (either by fixed equipment or by P. B. T.)

Plaintiffs were then instructed to go to the Alice Police Department and have a breathalyzer test done there. We went there, and were ultimately (again) not given such a test because no Alice City Police Department Officer had a portable breathalyzer test. In contrast to the Jim Wells County Sherriff's Department, however, the Alice City Police Department stated that they would be completing an incident report.

Accordingly, and at approximately 1:30 a.m. Plaintiffs registered into Christus Spohn Memorial Hospital for a blood test to be performed on Plaintiffs. All of these requests, and submitting to blood tests, being designed to demonstrate that neither Plaintiffs had been consuming any alcohol that night in order to demonstrate that Officers BRANDON TORRES and JOHHNY PEREZ had jumped to an incorrect conclusion, had announced and acted on that incorrect conclusion in an abusive and embarrassing manner (with the same being directed directly and specifically towards) Plaintiff, LINDA RENEE STEHLE, and Plaintiff, KEVIN C. LOUDON, in front of ( and within earshot of) her daughters, their boyfriends and their parents, many of LINDA RENEE STEHLE's friends in the community, and potential clients and/or jurors of mine.

Ultimately, the blood test results came back and showed that nether LINDA RENEE STEHLE nor myself had any concentration of alcohol in Plaintiffs blood system despite Officers BRANDON TORRES and JOHHNY PEREZ jumping to the incorrect conclusion, and announced and acted on that incorrect conclusion in an abusive and embarrassing manner (with the same being directed directly and specifically towards) LINDA RENEE STEHLE and myself in front of ( and within earshot of) her daughters, their boyfriends and their parents, many of LINDA RENEE STEHLE's friends in the community, and potential clients and/or jurors of mine. **It cost Plaintiffs $1300.00 to have these tests performed.**

The type of behavior by Officers BRANDON TORRES and JOHHNY PEREZ directed towards Plaintiff, LINDA RENEE STEHLE, and myself on the night of June 5, 2010 was falsely accusatory, degrading and embarrassing, abusive, profane, and borderline violent. These same actions were extremely embarrassing to towards Plaintiffs, potentially damaging to Plaintiff, KEVIN C. LOUDON, in his profession, and

did, in fact, cause a rift to be created between Plaintiff, LINDA RENEE STEHLE, and her daughter that graduated that night that emotionally hurt LINDA RENEE STEHLE to a great extent as could well be

## IV. VICARIOUS LIABILITY

Officers BRANDON TORRES and JOHHNY PEREZ are employees of Defendant, JIM WELLS COUNTY DEPARTMENT, and they were in the course and scope of their employment with Defendant when the above actions took place, and, as such Defendant is vicariously liable for the actions of Officers BRANDON TORRES and JOHHNY PEREZ.

## V. DEFAMATION

The above said actions of Officers BRANDON TORRES and JOHHNY PEREZ were made in reckless disregard of the truth and/or were in fact false, made in public, and, as such, constitute defamation of Plaintiffs. Furthermore, the above said defamation is the sole and proximate cause of the expenses Plaintiffs incurred and the damage that Plaintiff, KEVIN C LOUDON, may suffer in his business.

## VI. PRAYER

Plaintiffs prays that this Court order Defendants to answer, and after a hearing/trial on the above said Petition that this Court find Defendants liable and thjat Plain tiffs be awarded their actual and exemplary damages, pre and post judgment at the maximum rate allowed by the laws of this State, attorney's fees and costs of suit. Plaintiffs further pray for all other and further such relief that they may show themselfs entitled to under the law and/or equity.

361 6646366          JIM WELLS COUNTY A'

13616680569          JIM WELLS SHERIFFS OFFI

05 06 (       m       06 15 2010          10 /10
03:35:05 p.m.       06-11-2010          9 /9

Respectfully Submitted,

Kevin C. Loudon
SBN:  24049812
5353 Lampasas
Houston, Texas 77056
Telephone: (361) 563-1419
Email: kevinloudon@hotmail.com

361 6646366          JIM WELLS COUNTY A[...]              05 04 [...]  06 15 2010        1/10



(087.607)

6/16

# COUNTY OF JIM WELLS
*STATE OF TEXAS*

**ELADIO GONZALEZ, JR.**
**COUNTY AUDITOR**

**OFFICE (361) 668-5701**
**FAX (361) 664-6366**

## FACSIMILE TRANSMITTAL FORM

Date: 06-15-2010

To: Kelly Cortez 4o TAC

Fax Number: 512 408-1426

From: Teresa Pollok

Total Number of Pages Sent ( Including cover sheet): 10

IF YOU DO NOT RECEIVE ALL PAGES OR HAVE ANY PROBLEMS IN RECEIVING
THIS TRANSMISSION, PLEASE CALL: (361) 668-5701, AS SOON AS POSSIBLE.

COMMENTS: Claim against Jim Wells County
Sheriff's Dept.
We would like Myra Morris to represent
the county in this claim.

Sender's Initials: JMP

**Confidentiality Notice:** The documents accompanying this telecopy transmission contain
confidential information which is legally privileged. The information is intended only for the
use of the recipient named above. If you have received this telecopy in error, please
immediately notify us by telephone to arrange for the return of the original documents to us.
Further, you are hereby notified that any disclosure, copying, distribution or the taking of any
action upon reliance of the contents of this telecopy information is strictly prohibited.

**200 NORTH ALMOND    •    P.O. DRAWER 3620    •    ALICE, TEXAS 78333**

361 6646366        JIM WELLS COUNTY A...                    05 04 ...m.    06-15-2010    3/10
13616680569        JIM WELLS SHERIFFS OFFI                  03:33:37 p.m.  06-11-2010    2/9

... ...—CITATION FOR PERSONAL SERVICE—District or County Court—Class 3 (Personal Items to)
                                                                              Business Ink, Co.

## CITATION

**THE STATE OF TEXAS**

To  **Jim Wells County Sheriff's Department**

 **300 N. Cameron St.**

 **Alice, TX 78332**

Defendant____, in the hereinafter styled and numbered cause:

 **YOU ARE HEREBY COMMANDED** to appear before the _____ **County** _____ Court of ____ **Jim Wells**

County, Texas, the courthouse being located at _____ **200 N. Almond St.** _____,

in the City of _____ **Alice** _____ **Jim Wells** _____ County, Texas, by filing a written answer to

the Petition of Plaintiff____ at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of

service hereof, a copy of which accompanies this citation, in Cause Number ____ **7538** ____, styled _____,

**Linda Renee Stehle and Kevin Loudon**
Plaintiff_s, vs. ____ **Jim Wells County Sheriff's Department** ____, Defendant____, filed in said court on the

**11th** ____ day of ____ **June** ____, 20 **10** .

 **ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said court at office, this the _____ **11th** _____ day of

 **June** _____, 20 **10** .

 **Ruben Sandoval**

**County** _____ Clerk of ____ **Jim Wells** _____ County, Texas

By _Mrs Silva_
 Deputy

 **P.O. Box 1459**
 Address

 **Alice, TX 78333**
 City                                                          Zip Code

### NOTICE

 You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued
this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and
petition, a default judgment may be taken against you.

 **Kevin Loudon**

Plaintiff/Plaintiff's Attorney

 **5353 Lampasas**
Address
 **Houston, TX 77056**
City                        State                        Zip Code

Reproduction of this form by any portion or party is prohibited.

CAUSE NO. 7538

| | | |
|---|---|---|
| LINDA RENEE STEHLE AND KEVIN LOUDON, Petitioners | § § § | IN THE COUNTY COURT |
| vs. | § § | AT LAW NO. _____ |
| JIM WELLS COUNTY SHERIFF'S DEPARTMENT, Defendant | § § § | JIM WELLS COUNTY, TEXAS |

## DEFENDANT'S PLEA TO THE JURISDICTION AND ORIGINAL ANSWER SUBJECT THERETO

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jim Wells County Sheriff's Department, Defendant herein, and files this its Plea to the Jurisdiction of the Court and, subject thereto, its Original Answer and affirmative defenses to Plaintiffs' Original Petition, and in support thereof, would show the Court as follows:

I.

## PLEA TO THE JURISDICTION OF THE COURT

As a governmental entity, Jim Wells County Sheriff's Department maintains its sovereign immunity both from suit and from liability. Absent either a clear and unambiguous constitutional or statutory waiver of such immunity, or specific consent, an action cannot be maintained which seeks to subject Jim Wells County Sheriff's Department to civil liability. Jim Wells County Sheriff's Department asserts that any waiver of immunity upon which Plaintiffs rely must be clear, unambiguous and express, and that the waiver cannot be found by implication.

Jim Wells County Sheriff's Department has sovereign immunity both from suit and liability, except as waived by the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 et seq. (Vernon 2001). The Act contains a limited waiver of immunity only for certain acts, upon certain specified conditions and with certain express limitations, exclusions and exceptions. Jim

Wells County Sheriff's Department hereby pleads and asserts its claim and defense of sovereign immunity and the liability exemptions, exclusions and limitations of the Texas Tort Claims Act, and in particular Section101.021 (limited waiver for personal injuries), Section101.022 (limited duty owed), Section101.023(b) (limitation on amount of liability), Section101.024 (no exemplary damages), Section101.056 (non-liability for exercise of discretionary powers), Section 101.057 (no waiver of immunity for intentional torts) and Section101.101 (notice of claim as condition precedent to filing suit). Plaintiffs fail to state a cause of action against Jim Wells County Sheriff's Department because their allegations fail to fall within the precise requirements of the Act, which is a jurisdictional deficiency as to Plaintiffs' negligence claims. Unless permitted by Section101.021 of the Texas Tort Claims Act, sovereign immunity from suit applies and this Court is without jurisdiction to address Plaintiffs' negligence claim. TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a) (Vernon 2001).

II.

## LACK OF SUBJECT-MATTER JURISDICTION

Plaintiffs' Original Petition fails to state a claim upon which relief can be granted and fails to allege adequate grounds conferring subject-matter jurisdiction in that not all conditions precedent to filing suit have been satisfied. Plaintiffs failed to make presentment of their claims to the Jim Wells County Commissioners' Court and failed to satisfy the notice requirements of the Texas Tort Claims Act, nor did the Plaintiffs allege the same.

III.

## PRESENTATION OF CLAIM

Pleading alternatively, and by way of affirmative defense, should such be necessary, Jim Wells County Sheriff's Department denies that Plaintiffs have satisfied the notice requirements of Section 89.004 for presentation of claims to the Jim Wells County Commissioners' Court as prescribed by Texas Statute. TEX. LOC. GOV'T CODE ANN. § 89.004 (Vernon 2000).

Subject to and without waiving the foregoing Plea to the Jurisdiction of the Court based on Jim Wells County Sheriff's Department's sovereign immunity from suit, Jim Wells County Sheriff's Department further pleads as follows:

IV.

## ORIGINAL ANSWER

Jim Wells County Sheriff's Department denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition and demands strict proof thereof in accordance with Rule 92 of the Texas Rules of Civil Procedure.

V.

## TEXAS TORT CLAIMS ACT

Pleading alternatively, and by way of affirmative defense, should such be necessary, Jim Wells County Sheriff's Department denies that Plaintiffs have satisfied the notice requirements of the Texas Tort Claims Act. Jim Wells County Sheriff's Department asserts by way of further defense that any recovery awarded to Plaintiffs are limited only to those amounts provided under the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.023 and 101.024 (Vernon 2001).

VI.

## GOVERNMENTAL IMMUNITY

Pleading alternatively, and by way of affirmative defense, should such be necessary, Jim Wells County Sheriff's Department alleges that it has sovereign immunity from the claims Plaintiffs make and the damages Plaintiffs seek.

VII.

In the alternative, and by way of additional affirmative defense, Jim Wells County Sheriff's Department submits that it has full governmental immunity both from suit and from liability, save only to the extent of the partial waiver of same given by the Texas Tort Claims Act, and Jim Wells County Sheriff's Department hereby pleads and asserts its claims to and defense of sovereign immunity and the exemptions and exclusions of the Texas Tort Claims Act, including but not limited to Sections 101.021, 101.022, 101.023, 101.024, 101.056, 101.057, 101.101, 101.104 and 101.106.

VIII.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant Jim Wells County Sheriff's Department prays the Court grant its Plea to the Jurisdiction and that Plaintiffs take nothing by their cause of action and that Jim Wells County Sheriff's Department go hence forth without delay with its costs of court and for such other and further relief, both general and special, at law or in equity, for which Defendant may be justly entitled and for which Defendant shall forever pray.

Respectfully submitted,

**HUNTER & HANDEL, P.C.**
555 North Carancahua, Suite 1600
Corpus Christi, Texas 78401
Telephone:    (361) 884-8777
Facsimile:    (361) 884-1628

By: _____
    Rodney R. Handel
    State Bar No. 08897460

**ATTORNEYS FOR DEFENDANT,
JIM WELLS COUNTY SHERIFF'S
DEPARTMENT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on opposing counsel by Certified Mail, Return Receipt Requested on this 23rd day of June, 2010 in accordance with the Texas Rules of Civil Procedures.

Kevin C. Loudon
Attorney At Law
5353 Lampasas
Houston, Texas 77058

_____
Rodney R. Handel

RECEIVED AT 9:00 O'CLOCK A M

FILED
JUL 2 2010

JUL 9 2010
BY:

CAUSE NO. 7538

Ruben Sandoval Cir Cik Jim Wells Co., Texas
By _____
Deputy

| | | |
|---|---|---|
| LINDA RENEE STEHLE AND KEVIN | § | IN THE COUNTY COURT AT LAW |
| | § | |
| LOUDON, PETITIONERS | § | |
| | § | |
| V. | § | |
| | § | |
| | § | |
| JIM WELLS COUNTY SHERRIFF'S | § | |
| DEPARTMENT, DEFENDANTS | § | JIM WELLS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now Petitioners, LINDA RENEE STEHLE and KEVIN C. LOUDON, and files this their Plaintiff's Original Petition and in support thereof would respectfully show the following:

### I.    PARTIES

Plaintiff, KEVIN LOUDON, is an individual who resides at 5353 Lampasas, Houston, Texas 77056, the last four of his social security number is xxx-xx-3419 and the last four of his Texas Driver's License is xxx2292.

Plaintiff, LINDA RENEE STEHLE is an individual who resides at 164 County Road 474, Alice, Texas 78332, and the last four numbers of her security number is xxx-xx-3119, and the last four digits of her Texas Driver's License are xxxx5057.

Defendant, JIM WELLS COUN TY SHERRIFF'S DEPARTMENT, is a governmental entity that may be served with this amended suit through their attorney of record Rodney R. Handel, Hunter & Handel, 555 N. Carancahua, Ste. 1600-Tower II, Corpus Christi, Texas 784766 by Plaintiff's counsel.

## II.    DISCOVERY LEVEL

Discovery is to be conducted under level 2 under the Texas Rules of Civil Procedure.

## III. FACTS

On Friday Plaintiff, KEVIN C. LOUDON, attended some interviews in Corpus Christi, Texas and ran some errands in Alice Texas incident to getting ready to attend Beth (LINDA RFENE STEHL'S DAUGHTER'S) graduation ceremonies. Plaintiff, KEVIN C. LOUDON, arrived at 164 County Road 473, Alice Texas 78332 at approximately 4:00 p.m. I met, at that time, LINDA RENEE STEHLE. Plaintiff, KEVIN C. LOUDON, never saw Plaintiff, LINDA RENEE STEHLE, consume any alcohol, Plaintiff, KEVIN C LOUDON, smelled no alcohol on Plaintiff, LINBDA RENEE STEHLE'S, breath, her speech was clear and coherent, she did not have blood shot eyes, and she was not unsure on her feet.

Plaintiff, KEVIN C LOUDON, stayed with LINDA RENEE STEHLE as he was invited to accompany her to her daughter's high school graduation ceremonies which were set to begin at 8:00 p.m. At approximately 6:30 Plaintiff, LINDA RENEE STEHLE, began to prepare for attending her daughter's above said graduation ceremonies. At this time (again) Plaintiff, KEVIN C. LOUDON, never saw Plaintiff, LINDA RENEE STEHLE, consume any alcohol, smelled no alcohol on her breath, her speech was clear and coherent, she did not have blood shot eyes, and she was not unsure on her feet.

At approximately 7:45 Plaintiffs left to go and attend those same said ceremonies. Again and even at this time Plaintiff, KEVIN C. LOUDON, had not seen/saw Plaintiff, LINDA RENEE STEHLE, consume any alcohol, Plaintiff, KEVIN C. LOUDON, smelled no alcohol on her breath, her speech was clear and coherent, she did not have blood shot eyes, and she was not unsure on her feet.

Once Plaintiffs arrived at the ceremonies they parked and entered the football stadium stands. While Plaintiffs were trying to locate a seat Plaintiff, LINDA RENEE STEHLE, hugged several people introduced Plaintiff, KEVIN C LOUDON, to several people (many of whom were teachers of Plaintiff, LINDA RENEE STEHLE'S daughters and/or actively involved in her daughters extracurricular affairs. At no time during any of these introductions did anyone ask if Plaintiff, LINDA RENEE STEHLE, whether she had been consuming alcohol as there was no reason to ask such a question because LINDA RENEE STEHLE still had no alcohol on her breath, her speech was clear and coherent, she did not have blood shot eyes, and she was not unsure on her feet even though she was required to lean down to hug many of the people she greeted at these ceremonies.

After the end of the last graduate walking across the stage, the students, Parents, friends, and others began to congregate on the football field for pictures, conversations, and good-byes. Plaintiffs also went down to the field for these same reasons. Shortly after Plaintiffs arrived on the field Plaintiff, KEVIN C. LOUDON, lit a cigar and Plaintiff, LINDA RENEE STEHLE lit a cigarette.

At this time Plaintiffs were in the immediate presence of both of Plaintiff, LINDA RENEE STEHLE's, daughters, their boyfriends and their parents, and many of LINDA RENEE STEHLE's friends in the community.

Almost immediately after this Officers BRANDON TORRES and JOHHNY PEREZ from the JIM WELLS COUNTY SHERRIFF'S DEPARTMENT approached Plaintiffs and asked that we extinguish our cigar/cigarette. Plaintiff, KEVIN C. LOUDON, stated all right and began moving to a spot where he could do what was requested and Plaintiff, LINDA RENEE STEHLE followed Plaintiff, KEVIN C. LOUDON, to do the same. At no time at this point did Plaintiff, LINDA RENEE STEHLE, speak to either Officer BRANDON TORRES or JOHHNY PEREZ.

After Plaintiffs put out their cigars/cigarettes they turned back to socialize with Plaintiff, LINDA RENEE STEHLE's, daughters, their boyfriends and their parents, and many of LINDA RENEE STEHLE's friends in the community. Before Plaintiffs could reach that point, but while they were within earshot of Plaintiff, LINDA RENEE STEHLE's, daughters, their boyfriends and their parents, and many of LINDA RENEE STEHLE's friends in the community, Officer BRANDON TORRES informed Plaintiff, LINDA RENEE STEHLE, that she had been drinking and had to leave the football field, her daughters, their boyfriends and their parents, and many of LINDA RENEE STEHLE's friends in the community. At this point many of those same said people informed Officer BRANDON TORRES that Plaintiff, LINDA RENEE STEHLE, had not been drinking/was not intoxicated, but, rather, that was simply her mannerisms. In response, however, Officer BRANDON TORRES and JOHHNY PEREZ now informed LINDA RENEE STEHLE that she was publicly intoxicated and would have to leave the field immediately.

Plaintiff, KEVIN C. LOUDON, then, informed both BRANDON TORRES and JOHHNY PEREZ that he was an attorney, and that under the laws of Texas Plaintiff, LINDA RENEE STEHLE, was not guilty of public intoxication because under the statutes/criminal code she would have to be a danger to herself or others in order for her to be guilty of public intoxication. Plaintiff, KEVIN C. LOUDON, also asked for them to give one example/action where Plaintiff, LINDA RENEE STEHLE, had acted in such a way that it was likely that she would hurt herself or others and Officer Torres stated just leave the field. Plaintiff, LINDA RENEE STEHLE, began saying, then, if you think I have been drinking arrest me so I can go to jail and rake a breathalyzer test, but

Officers BRANDON TORRES and JOHHNY PEREZ refused to arrest her. Moreover, Officer JOHHNY PEREZ continued to speak to Plaintiff, LINDA RENEE STEHLE, in a very abusive, derogatory, falsely accusatory manner and with a very short/snippy and terse mode of speech.

Officer BRANDON TORRES, also then asked Plaintiff, KEVIN C. LOUDON, in front of potential clients and/or jurors how much alcohol he had to drink that night. Plaintiff, KEVIN C. LOUDON, replied I had not had a drop of alcohol for over 6 years, and that he was prepared to perform any field sobriety test right then and there, and Officers BRANDON TORRES and JOHHNY PEREZ refused to have Plaintiff, KEVIN C. LOUDON, perform any such tests, rather they again stated Plaintiffs needed to leave because they had been drinking and they were publicly intoxicated and saying this in directly front of Plaintiff, LINDA RENEE STEHLE, her daughters, their boyfriends and their parents, many of LINDA RENEE STEHLE's friends in the community and potential clients and/or jury members I might be involved with/in front of in the future to the extent that LINDA RENEE STEHLE was highly embarrassed and angry and I was concerned about my future to practice law.

Again, all of this took place directly in front of Plaintiff, LINDA RENEE STEHLE, her daughters, their boyfriends and their parents, and many of LINDA RENEE STEHLE's friends in the community, and it was extremely embarrassing to her for this to have happened. And, in fact, one of the daughters of Plaintiff, LINDA RENEE STEHLE, was so embarrassed that she would not speak to LINDA RENEE STEHLE.

Before Plaintiffs left Plaintiff, KEVIN C. LOUDON, approached Officer BRANDON TORRES and in a slow and calm manner placed his left hand on his right shoulder so he could talk with him and try to de-escalate the situation so Plaintiff, LINDA RENEE STEHLE, would not be required to leave her daughter's after graduation celebrations. Officer BRANDON TORRES then slapped, in a very aggressive and physically hurtful manner, Plaintiff, KEVIN C. LOUDON's, hand from his shoulder and instructed him to never "F"ing touch him again. This was not the first time that evening that one or both of these officers used profanity directly in front of, and directed at, Plaintiffs.

At the Jim Wells County Sheriff's Office/Jail Plaintiff, KEVIN C. LOUDON, informed the night officer all of the above, and asked to be given a breathalyzer test, and Plaintiffs were informed they could not be given such a test (with the equipment in the jail) unless Plaintiffs had been arrested for an offense where it would be necessary to have such a test performed. Plaintiff, KEVIN C. LOUDON, also stated that Plaintiffs wished to speak with someone to make a formal complaint. The night jailer then called and asked for Officer SAENZ to come across the street to speak to us. Officer SAENZ, and the officer working the jail that evening, both ultimately refused to give Plaintiffs a breath test (and/or any field sobriety tests despite our numerous requests to be given

such tests. Officer SAENZ, in the end, informed Plaintiffs that there was not one officer working for the Jim Wells County Sherriff's Office at that time of the night (approximately 11:00 p.m.-12:00 a.m.) who was in possession of a portable breathalyzer test (P.B.T) and/or that there was not one Texas Department of Public Safety Officer at that time of the night who had a portable breathalyzer test (P.B.T). Plaintiff, KEVIN C. LOUDON, was also informed that neither that officer, nor Officer SAENZ would complete an incident report stating why we had come to the Jim Wells County Sherriff's office, and/or that Plaintiffs had also asked to have a breathalyzer test (either by fixed equipment or by P. B. T.)

Plaintiffs were then instructed to go to the Alice Police Department and have a breathalyzer test done there. We went there, and were ultimately (again) not given such a test because no Alice City Police Department Officer had a portable breathalyzer test. In contrast to the Jim Wells County Sherriff's Department, however, the Alice City Police Department stated that they would be completing an incident report.

Accordingly, and at approximately 1:30 a.m. Plaintiffs registered into Christus Spohn Memorial Hospital for a blood test to be performed on Plaintiffs. All of these requests, and submitting to blood tests, being designed to demonstrate that neither Plaintiffs had been consuming any alcohol that night in order to demonstrate that Officers BRANDON TORRES and JOHHNY PEREZ had jumped to an incorrect conclusion, had announced and acted on that incorrect conclusion in an abusive and embarrassing manner (with the same being directed directly and specifically towards) Plaintiff, LINDA RENEE STEHLE, and Plaintiff, KEVIN C. LOUDON, in front of ( and within earshot of) her daughters, their boyfriends and their parents, many of LINDA RENEE STEHLE's friends in the community, and potential clients and/or jurors of mine.

Ultimately, the blood test results came back and showed that nether LINDA RENEE STEHLE nor myself had any concentration of alcohol in Plaintiffs blood system despite Officers BRANDON TORRES and JOHHNY PEREZ jumping to the incorrect conclusion, and announced and acted on that incorrect conclusion in an abusive and embarrassing manner (with the same being directed directly and specifically towards) LINDA RENEE STEHLE and myself in front of ( and within earshot of) her daughters, their boyfriends and their parents, many of LINDA RENEE STEHLE's friends in the community, and potential clients and/or jurors of mine. **It cost Plaintiffs $1300.00 to have these tests performed.**

The type of behavior by Officers BRANDON TORRES and JOHHNY PEREZ directed towards Plaintiff, LINDA RENEE STEHLE, and myself on the night of June 5, 2010 was falsely accusatory, degrading and embarrassing, abusive, profane, and borderline violent. These same actions were extremely embarrassing to towards Plaintiffs, potentially damaging to Plaintiff, KEVIN C. LOUDON, in his profession, and

did, in fact, cause a rift to be created between Plaintiff, LINDA RENEE STEHLE, and her daughter that graduated that night that emotionally hurt LINDA RENEE STEHLE to a great extent as could well be

## IV. VICARIOUS LIABILITY

Officers BRANDON TORRES and JOHHNY PEREZ are employees of Defendant, JIM WELLS COUNTY DEPARTMENT, and they were in the course and scope of their employment with Defendant when the above actions took place, and, as such Defendant is vicariously liable for the actions of Officers BRANDON TORRES and JOHHNY PEREZ.

## V. DEFAMATION

The above said actions of Officers BRANDON TORRES and JOHHNY PEREZ were made in reckless disregard of the truth and/or were in fact false, made in public, and, as such, constitute defamation of Plaintiffs.  Furthermore, the above said defamation is the sole and proximate cause of the expenses Plaintiffs incurred and the damage that Plaintiff, KEVIN C LOUDON, may suffer in his business.

## VI. CIVIL RIGHTS VIOLATIONS

Plaintiff, KEVIN LOUDON, had a constitutionally protected property right interest in earning a lawful living with a lawful profit under the United States and Texas Constitution with that same said right being protected from being infringed upon by unreasonable, arbitrary, and/or capricious-reckless actions from governmental interference.  The above said actions violated Plaintiff, KEVIN C. LOUDON'S, above said rights as they have unreasonably, arbitrarily, and/or capricious-recklessly interfered with said Plaintiff's ability to earn a living in the town he had planned to open as lawful business and earn a lawful profit, as those actions have irreparably tainted Mr. Loudon's

reputation which is essential to earning such a living, and making such a profit, in the practice of law; especially attempting to start such a practice under that taint, and in so doing has proximately caused Plaintiff to suffer loss of a constitutionally protected property right without due process of law..

Plaintiff, LINDA RENEE STEHLE, has a constitutionally protected right under both the United States and Texas Constitution to be free to raise and nurture her children and family with that same said right being protected from being infringed upon by unreasonable, arbitrary, and/or capricious-reckless actions from governmental interference.  However, and as a result of the actions detailed herein of Defendants, said Plaintiff has had to defend herself against derogatory statements, and/or emotional and physical abuse, from her children as a result of those same said actions by Defendant's with those derogatory statements, and/or emotional and physical abuse being in violation of Plaintiff's above said constitutionally protected rights and with those violations proximately causing Plaintiff's to suffer the above said interference with raising and nurturing her children.

## VII.    TORT CLAIMS ACT VIOLATIONS

Defendants are charged while in the course and scope of performing their duties as licensed peace officers in the State of Texas with the duty of determining whether a particular person(s) have violated the laws of this State (and therefore should be arrested to protect the public at large) and/or determining whether a particular person(s) have are innocent of violating those same said laws and should not be arrested or, if accused, exonerated from the stigma from such accusations.  In that course and scope Defendants are required to use certain equipment.

In particular, and in the instant suit, Defendants were required both to protect the public at large, and/or to protect Plaintiffs from false allegations and the stigma that follows such false-uncleared allegations, to utilize either a portable breathalyzer and/or a in-house breathalyzer to determine whether Plaintiffs should be arrested and/or exonerated from the reckless and false allegations of Defendants.  This non-use of property, which should have been used according to Defendant's duty to enforce the laws of this state, constitutes a violation of the Texas Tort Claims Act as that non use has proximately caused damages to Plaintiffs in the same manner that would render a private citizen liable for the same said non-use of necessary and duty required equipment.

Defendants received formal notice of the allegations contained in this Petition (sufficient enough so that they could investigate the same) on or about June 7, 2010 when Plaintiffs' filed their formal complaint with the Jim Wells County Sherriff's Department.

## VIII.    PRAYER

Plaintiffs prays that this Court order Defendants to answer, and after a hearing/trial on the above said Petition that this Court find Defendants liable and thjat Plain tiffs be awarded their actual and exemplary damages, pre and post judgment at  the maximum rate allowed by the laws of this State, attorney's fees and costs of suit.  Plaintiffs further pray for all other and further such relief that they may show themselves entitled to under the law and/or equity.

Respectfully Submitted,

Kevin C. Loudon
SBN: 24049812
5353 Lampasas
Houston, Texas 77056
Telephone: (361) 563-1419
Email: kevinloudon@hotmail.com

## CERTIFICATE OF SERVICE

I the undersigned a true and correct copy of the foregoing has been sent this the 29th day of June 2010 to Defendant's counsel of record in accord with Texas Rules of Civil Procedure 21a.

KEVIN C. LOUDON